IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MONA SHING,<br><br>    Plaintiff,<br><br>    v.<br><br>CLOVIS ONCOLOGY, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-04658-MMC<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Dr. Mona Shing's First Amended Complaint ("FAC"), filed August 12, 2019.[1] Having read and considered said pleading, as well as the initial complaint, also filed August 12, 2019, the Court rules as follows.

In the initial complaint and in the FAC, plaintiff asserts five claims arising under state law, and has named as defendants Clovis Oncology, Inc. ("Clovis"), her former employer, and Ann Bozeman ("Bozeman"), an employee of Clovis. In both pleadings, plaintiff alleges that, "[p]ursuant to 28 U.S.C. section 1332(a)(1), the Court has original jurisdiction." (See Compl. ¶ 5; FAC ¶ 5.)

A district court has original jurisdiction under § 1332(a) where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," see 28 U.S.C. § 1332(a), and the matter is between "citizens of different States," see 28 U.S.C. § 1332(a)(1).

Diversity "is determined (and must exist) as of the time the complaint is filed." See Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1331 (9th Cir. 2002). The initial

---

[1]The case was reassigned to the undersigned on November 14, 2019.

complaint, however, lacked any facts to support a finding that the parties were diverse in citizenship as of August 12, 2019, the date the initial complaint was filed. Specifically, plaintiff failed to allege the state in which she was domiciled on August 12, 2019, and she failed to allege the state in which Bozeman was domiciled on that date. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding "natural person's state citizenship" is determined by said person's "state of domicile," i.e, "permanent home, where she resides with the intention to remain or to which she intends to return"). Further, with respect to Clovis, plaintiff failed to allege the state in which it is incorporated and failed to allege sufficient facts to identify the state in which Clovis has its principal place of business. See 28 U.S.C. § 1332(c)(1) (providing corporation is citizen of state "by which it has been incorporated" and "where it has its principal place of business").[2] The FAC, which, as noted, was filed the same date as the initial complaint, does not include any new factual allegations that bear on whether the parties are diverse in citizenship.

In sum, neither pleading includes facts to support a finding as to the citizenship of plaintiff or either defendant,[3] and, accordingly, the above-titled action is hereby DISMISSED for lack of subject matter jurisdiction. See Fed. R. Civ. P 12(h)(3) (providing "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If plaintiff is able to allege facts that would support a finding that the parties are diverse, she may file, no later than December 20, 2019, a Second

---

[2]Although plaintiff did allege Clovis's "headquarters is located in Boulder, Colorado" (see Compl. ¶ 11), she did not allege facts to support a finding that Clovis's headquarters constitute "the actual center of direction, control, and coordination." See Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010) (explaining circumstances when corporation's asserted "headquarters" constitute its "principal place of business).

[3]As to the amount in controversy, plaintiff alleges that it "exceeds $75,000, exclusive of interest and costs." (See Compl. ¶ 5.) Although plaintiff includes no details to support such conclusory statement, the Court finds plaintiff's allegation that she was employed by Clovis as a "Senior Vice President" and was terminated approximately twenty months before filing the instant action (see Compl. ¶¶ 10, 46) sufficient to plead the monetary element of diversity jurisdiction.

2

Amended Complaint.  See 28 U.S.C. § 1653 (providing "[d]efective allegations of jurisdiction may be amended").

In light of the above, the Case Management Conference is hereby CONTINUED from December 20, 2019, to January 31, 2020, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than January 24, 2020.

**IT IS SO ORDERED.**

Dated: December 3, 2019

MAXINE M. CHESNEY
United States District Judge